IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 23, 2010 Session

## JACK WEBB, v. DAVID BRIAN HAYS, et al.

**Appeal from the Circuit Court for Davidson County**
**No. 08C1543     Hon. Barbara N. Haynes, Judge**

**No. M2009-01939-COA-R3-CV - Filed April 26, 2010**

Plaintiff, a non-resident, brought this action against defendant real estate agent for releasing funds from a sale to defendant Hays, who had been employed by the plaintiff to sell items of personalty for plaintiff and improve plaintiff's real estate properties for sale. Further, that Hays improperly filed a lien against plaintiff's property, resulting in damages to plaintiff. The Trial Court granted the real estate agent summary judgment and, after a trial, entered a monetary judgment against Hays in favor of plaintiff. Plaintiff appeals the issue of summary judgment in favor of the real estate agent, and Hays appeals the monetary judgment entered against him in favor of plaintiff. On appeal, we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and JOHN W. MCCLARTY, J., joined.

Shawn P. Sirgo, Nashville, Tennessee, for the appellant, David Brian Hays.

Stephen E. Grauberger, Mt. Juliet, Tennessee, for the appellee, Jack Webb.

Mark T. Smith, Gallatin, Tennessee, for the appellee, Philip C. Kelly.

### OPINION

Plaintiff's Complaint averred that he was a resident of Florida, and that he made an agreement with Hays whereby Hays would sell certain items of personal property belonging

to plaintiff, and would also prepare several improved pieces of real property to be sold. Further, that he gave Hays a check for $1,000.00 to cover expenses, and Hays did nothing to try to sell plaintiff's property. Plaintiff retook possession of his personal property and terminated their agreement. Further, that Hays kept the $1,000.00 and also took numerous items of plaintiff's personalty. Plaintiff charged that he also incurred additional expenses including storage fees, travel expenses, truck rental, etc., as a result of Hays' inaction.

Plaintiff reiterated that Hays filed an action against him in General Sessions Court, alleging breach of contract, failure to pay for services, expenses, etc., and that Hays also filed a lien against his property in Bethpage, Tennessee, in the amount of $21,508.00. Plaintiff averred the Hays lawsuit was totally without merit, and the lien was improper. As part of plaintiff's action, he averred that he was in the process of selling the Bethpage property at the time, and that Kelly & Smith was the closing agent for the sale. He asserted that Kelly was aware of the pending lawsuit and the lien, and told plaintiff that the amount of the lien would be held in escrow until resolution of the lawsuit.

Plaintiff asserted that on October 31, 2007, without plaintiff's knowledge, Hays dismissed the General Sessions lawsuit with prejudice and provided a release of the lien to Kelly & Smith. Kelly & Smith then released the funds held in escrow to Hays, without plaintiff's knowledge, and plaintiff asserted that this breached a fiduciary duty owed to him, and sought damages and attorney's fees from defendants.

Philip Kelly answered, and admitted that Kelly & Smith was the closing agent for plaintiff when his property was sold at public auction. Kelly admitted that Hays released the lien, and that the funds were paid to Hays, but denies that this was done without plaintiff's knowledge. Kelly asserted that Kelly & Smith never dealt with plaintiff directly, but rather dealt with his agent, Harold Carman of Carman Real Estate and Auction, who authorized payment of the funds to Hays. Kelly asserted that plaintiff signed the closing statement which showed the funds being paid to Hays at closing. Kelly asserted that it was never represented to plaintiff or his agent that the funds would be held in escrow.

Hays filed an Answer acting *pro se*, and admitted that he had made an agreement with plaintiff to move, store, and sell certain items of personal property, and to repair and sell certain parcels of real property, and that he would work exclusively on this project and would not accept any other contracts. Hays stated that after showing plaintiff receipts for work previously performed, plaintiff paid him $1,000.00 which was approximately one-third of the balance plaintiff owed to him at the time. Hays stated there was no agreed upon date of completion of the contract, and that plaintiff entered Hays' place of business and took his personal property (as well as some items belonging to Hays) but left other items behind.

Kelly d/b/a Kelly & Smith filed a Motion for Summary Judgment, asserting that plaintiff signed the closing statement which showed $21,534.00 being paid to Hays. Kelly also filed a Statement of Undisputed Facts, to the effect that plaintiff listed his property to be sold by Veit Spero of Crye-Leike, Inc., Realtors, and Auctioneer Harold Carman, Jr. Kelly set forth that Hays filed a claim of lien against the property for $21,508.00 with the Register of Deeds while plaintiff was in the process of selling the property. Kelly stated that he was the closing agent for the sale of the property, and expressly noted the lien on the Certificate of Attorneys Opinion which was provided to Carman. Kelly stated that his employee, DaNita Lane, provided plaintiff with the closing statement for the property, which plaintiff signed on October 30, 2007. Kelly stated that "payoff claim of lien" to Hays was listed on the closing statement in the amount of $21,534.00. Kelly attached the Certificate of Attorneys Opinion, Claim of Lien, and closing statement, and also attached an Affidavit of DaNita Lane, which stated that she prepared a closing statement for plaintiff's property which listed the payoff to Hays for $21,534.00, and that she sent the same to plaintiff. Lane stated that plaintiff signed and returned the closing statement without question. Kelly also filed the sworn interrogatory responses filed by Webb, wherein Webb stated that his real estate agent, Veit Spero of Crye-Leike, told him that the money would be held in escrow until the lien was settled.

Plaintiff's Response to the summary judgment, asserted that the closing statement was not a contract or a stand-alone agreement. Plaintiff stated that the closing statement did not say that by signing, plaintiff accepted everything on it as true and correct, or that plaintiff agreed to everything on it. Plaintiff asserted that genuine issues of material fact existed and summary judgment was improper. Plaintiff filed a Response to Defendant's Statement of Undisputed Material Facts, disputing that the closing statement was notice to him of the lien being paid, because he was told that the funds would be held in escrow. Plaintiff further stated the money was paid to Hays without plaintiff's knowledge or authorization, and charged that Kelly breached his fiduciary duty to plaintiff.

Lane filed an Amended Affidavit, stating that she never told anyone that the money would be held in escrow relating to the proceeds of the sale of plaintiff's property, nor was she instructed to hold any funds. Lane stated that if the funds were to be held in escrow, it would have been noted on the closing statement.

The Trial Court granted summary judgment to Kelly d/b/a Kelly & Smith. The Court stated that since plaintiff filed no countervailing affidavits, and since the lien was clearly noted on the closing statement which was provided to and signed by the plaintiff before closing, the Court found that defendant did not breach his fiduciary duty, and that he was entitled to judgment as a matter of law, and the Court dismissed plaintiff's claims against Kelly.

A trial was held on August 3, 2009, and the Court entered an Order and Judgment stating that defendant Hays acted *pro se* at the hearing, and that plaintiff proved by a preponderance of the evidence that he was entitled to judgment against defendant in the amount of $36,955.00. Hays Appealed, and plaintiff also filed a Notice of Appeal as to Kelly.

The issues before the Court for review are:

I.      Whether the Trial Court abused its discretion by allowing Hays to proceed *pro se* when he was clearly incapable of protecting his own rights as a temporarily un-medicated *pro se* litigant?

II.      Whether the Trial Court erred in granting summary judgment to Kelly d/b/a Kelly & Smith?

III.      Whether either appellee should be given an award of attorney's fees for frivolous appeal?

Hays argues that it was improper for the Court to allow him to proceed *pro se* at the hearing when he was "clearly incapable" of protecting his own rights by virtue of the fact that he was unable to take his anxiety and/or anti-psychotic medication. Hays asserted that he informed the Trial Court of his un-medicated state prior to the beginning of the trial and asked for a continuance, but admits that this exchange is undocumented.

Hays cites this Court to nothing in the record to support any part of his argument. There is no transcript of the hearing, and there was no statement of the evidence submitted. As such, we have no basis for finding that the Trial Court erred in allowing Hays to proceed *pro se.* This issue is without merit.

Plaintiff argues that Hays' appeal was so frivolous and devoid of merit that he should be given an award of attorney's fees on appeal, pursuant to Tenn. Code Ann. §27-1-122. Under all the circumstances of Hays' appeal, we decline to declare the appeal frivolous and award attorney's fees to plaintiff.

Plaintiff argues that the Trial Court erred in granting summary judgment to Kelly, as there were genuine disputed issues of material fact regarding whether Kelly breached his fiduciary duty to plaintiff. Plaintiff filed no countervailing affidavit to dispute the facts contained in Ms. Lane's affidavits, i.e. that she never told anyone that the funds would be held in escrow and was never instructed to do so, and if the funds were to be held in escrow,

it would have been noted on the closing statement.

The only countervailing statements that plaintiff can point to in this record are those contained within his sworn interrogatory responses. In the responses, however, plaintiff simply states that he was told by Veit Spero, the realtor, that Ms. Lane and the auctioneer told him the money would be held in escrow until the lien was settled. Plaintiff did not present an affidavit from Mr. Spero or the auctioneer.

As Kelly points out, if an affidavit is presented in opposition to summary judgment, it must meet the requirements of Tenn. R. Civ. P. 56 in that it must be made on the affiant's personal knowledge, and the statements contained therein must otherwise be admissible in evidence, and the affiant must be competent to testify regarding the substance of the affidavit. *Church v. Perales, M.D.*, 39 S.W.3d 149, 166 (Tenn. Ct. App. 2000). In this case, the interrogatory responses do not satisfy the requirements of the rule, because plaintiff's testimony regarding what Lane allegedly told Spero, or what Spero told him, was hearsay. Plaintiff's sworn response is insufficient to contradict the facts contained in Lane's affidavits. Accordingly, summary judgment on this issue was proper.

Kelly also seeks attorney's fees pursuant to Tenn. Code Ann. §27-1-122. We decline to award attorney's fees under the circumstances of this case.

We affirm the Judgment of the Trial Court and assess one-half of the cost of the appeal to Jack Webb and one-half of the cost of the appeal to David Brian Hays.

_____
HERSCHEL PICKENS FRANKS, P.J.